IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            **Plaintiff,**<br><br>v.<br><br>**THOMAS REED RATLIFF,**<br><br>            **Defendant**. | Criminal Action No.:  1:21-CR-62<br>(JUDGE KLEEH) |

## REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of considering the record, the Information, and the proposed **binding** plea agreement in this matter, and conducting a hearing and entering into the record a written report and recommendation memorializing the disposition of Defendant's guilty plea, pursuant to Federal Rule of Criminal Procedure 11. Defendant, Thomas Reed Ratliff, in person and by counsel, Brendan S. Leary, appeared before me on January 6, 2022 for an Initial Appearance, Arraignment, and Plea Hearing to an Information.  The Government appeared by videoconference by Assistant United States Attorney, David J. Perri.

During the hearing, the Court gave notice to the Government's attorney that pursuant to the Due Process Protections Act of 2020, the Court reminds counsel that under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny, failing to disclose favorable evidence to the accused violates due process where the evidence is material either to guilt or punishment. Further, the Court noted that consequences for a <u>Brady</u> violation can include, but are not necessarily limited to, a vacated conviction and disciplinary actions against the prosecutor. The Court gave written notice to this effect to counsel and **ORDERED** the same filed herein. [ECF No. 11].

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count One of the Information, pursuant to a **binding plea agreement**.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath and inquiring into Defendant's competency. The Court determined Defendant was competent to proceed with the Rule 11 plea hearing and cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea. Defendant tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before Magistrate Judge. The waiver and consent was signed by Defendant, countersigned by Defendant's counsel, and concurred by the signature of the Assistant United States Attorney.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of an Article III Judge and consent to enter a guilty plea before a Magistrate Judge was freely and voluntarily given. Additionally, the Court finds that the written waiver and consent was freely and voluntarily executed by Defendant Thomas Reed Ratliff only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record. [ECF No. 14].

The Court inquired of Defendant and Defendant's Counsel as to Defendant's knowledge and understanding of Defendant's constitutional right to proceed by indictment, the voluntariness of

Defendant's consent to proceed by Information and of Defendant's waiver of the right to proceed by indictment. Defendant and Defense Counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged Defendant's voluntary waiver of this right to proceed by indictment and Defendant's agreement to voluntarily proceed by Information. Defendant also executed a written waiver of the same. [ECF No. 12]. The Court **ORDERED** the written waiver to indictment filed and made a part of the record.

Thereafter, the Court determined that Defendant's plea was pursuant to a written plea agreement and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was. The Court asked counsel for the Government to summarize the written plea agreement. Counsel for the Government advised the Court of its **binding plea agreement** with Defendant to a **sentence of a period of incarceration of forty-eight (48) months to be followed by three (3) years of supervised release, and the special mandatory assessment of one hundred dollars ($100.00).** The Government then summarized the terms of the parties' binding plea agreement. Counsel for Defendant and Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with their understanding of the agreement.

The undersigned further inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The Court, noting that the plea agreement is a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), advised Defendant that pursuant to Fed. R. Crim. P. 11(c)(3)(A), the Court

3

may accept the agreement, reject it, or defer a decision until the Court has had an opportunity to receive and review a presentence report. The Court also advised the parties that if the plea is not accepted, Defendant will have the right to withdraw his plea of guilty. The Court **ORDERED** the written plea agreement filed and made a part of the record. [ECF No. 15].

The undersigned then reviewed with Defendant Count One of the Information and the elements the Government would have to prove, charging him in Count One of the Information with Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252(A)(b)(2). [ECF No. 1].

Subsequently, Defendant Thomas Reed Ratliff pled **GUILTY** to the charges contained in Count One of the Information. However, before accepting Defendant's plea, the undersigned inquired of Defendant's understanding of the charges against him, inquired of Defendant's understanding of the consequences of him pleading guilty to the charges, and obtained the factual basis for Defendant's plea.

The Government called its witness, West Virginia State Trooper Brandon Smith, to present a factual basis for the plea. Neither Defendant nor Defendant's counsel did not dispute the proffer when given the opportunity to do so. Additionally, Defendant provided a factual basis for the commission of the offense. The undersigned Magistrate Judge concludes the offense charged in Count One of the Information is each supported by an independent basis in fact concerning each of the essential elements of such offense, and that independent basis is provided by the Government's proffer.

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the charges contained in Count One of the Information and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned

Magistrate Judge determined Defendant understood the nature of the charges pending against him and that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count One was imprisonment of not more than ten (10) years, a fine of not more than $250,000.00, or both, and a term of five years or a lifetime of supervised release.

Defendant also understood that the Court would impose a total special mandatory assessment of one hundred dollars ($100), payable within forty (40) days following the entry of this plea. Defendant further understood that, unless he is determined to be indigent, he will be required to pay an additional special assessment of $5,000.00 pursuant to the Justice for Victims Trafficking Act and a special assessment of not more than $17,000.00 pursuant to the Amy, Vicky, and Andy Child Pornography Assistance Act.

Defendant further understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood that he might be required by the Court to pay the costs of his incarceration, supervision, and probation. Defendant also understood that he forfeited his right to all the computer equipment and electronic storage media used in commission of the offense, including the following: an external hard drive with cord, PN: 1K9AP6-502; Apple laptop with cord, Serial No. C02MM6JHG085; Apple iPhone, Serial No. C37VR2DUJCLH; Amazon Tablet, FCC ID: 2AERTF-1013; and StudioAB external USB Drive. Defendant also understood the Court may require that restitution be paid to any or all of the victims related to the count of the Information in an amount to be determined by the Court at sentencing or at a separate hearing on the issue of restitution within (90) ninety days of sentencing pursuant to 18 U.S.C. §§ 3663 and 3663A.

The undersigned also inquired of Defendant whether he understood that by pleading guilty, he was forfeiting other rights such as the right to vote, right to serve on a jury, and the right to legally

possess a firearm. Defendant also understood that he would be required to abide by the state's sex offender registration requirements in the state where he resides. Additionally, the undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The undersigned also reviewed with Defendant his waiver of appellate and collateral attack rights. Defendant understood that he was waiving his right to appeal his conviction and sentence to the Fourth Circuit Court of Appeals on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742. Defendant further understood that under his plea agreement, he was waiving his right to challenge his conviction and sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255. Defendant understood, however, that he was reserving the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct that he learned about after the plea hearing and agreed that he was unaware of any ineffective assistance of counsel or prosecutorial misconduct in his case at this time. From the foregoing, the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea agreement and determined the entry into said written plea agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the binding and non-binding recommendations and stipulations contained in the written plea agreement and determined that Defendant understood, with respect to the plea

agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One of the Indictment. The undersigned Magistrate Judge informed Defendant that he would write the subject Report and Recommendation, and that a pre-sentence investigation report would be prepared for the District Court by the probation officer attending.

The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count One of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his guilty plea accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory. Defendant further stated that his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise his what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, but that he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant, Thomas Reed Ratliff, with the consent of his counsel, Brendan S. Leary, proceeded to enter a verbal plea of **GUILTY** to the charge in Count One of the Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, as to Count One of the Information; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalties to which he would be exposed for Count One of the Information; Defendant made a knowing and voluntary plea of guilty to Count One of the Information; and Defendant's plea is independently supported by the Government's proffer which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to Count One of the Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

Additionally, the undersigned Magistrate Judge **ORDERS** that the Defendant be **released Defendant on the terms of the Order Setting Conditions of Release previously filed herein.** [ECF No. 17].

Any party shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted on January 7, 2022.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE