THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

UNITED STATES OF AMERICA,

v.                                        Criminal Action No. 1:21CR62

THOMAS REED RATLIFF,

      Defendant.

MEMORANDUM REQUESTING THAT THE COURT DECLINE
TO IMPOSE RESTITUTION

Comes now Thomas Reed Ratliff by counsel Brendan S. Leary, Assistant Federal Public Defender, and respectfully submits this memorandum requesting that the Court decline to impose restitution in this case.  In support of this request, Mr. Ratliff states as follows:

1.      On November 29, 2022, Mr. Ratliff was sentenced to 66 months in prison and five year of supervised release. This sentence was imposed as a result of Mr. Ratliff's plea of guilty to a one-count information that charged him with possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5), 2252(A)(b)(2).

2.      At the sentencing hearing, the Court deferred the decision on whether to impose restitution in this case. Subsequent to the sentencing hearing, the Court entered an order directing the parties to submit briefs addressing restitution in this case. (See Docket No. 58.)

3.      Mr. Ratliff requests that the Court decline to impose restitution for the following reasons.

4.      There are no victims in this case who are claiming losses as a result of Mr. Ratliff's criminal behavior. The applicable restitution statute states that the Court "shall order restitution for any offense under this chapter".  See 18 U.S.C. § 2259(a). In isolation, this would seem to indicate that the  Court must impose a restitution order here.  However, under the doctrine of *noscitur a sociis*, or the Whole-Text Canon, the Court must consider the entirety of the statute.  This canon of statutory

construction holds that every part of the statue must be considered in fixing the meaning of any of its parts in order to produce a harmonious whole.  Simply stated, statutes should be read as a whole. When the Court examines the restitution statute as a whole, that law presupposes that there is a victim who has suffered losses. There are no victims who have suffered losses here.

5.    The applicable restitution statute for a child sex offense, defines "victims" as "the individual harmed as a result of a commission of a crime under this chapter."  See  18 U.S.C. § 2259(c)(4). Therefore, Mr. Ratliff must have harmed the victims of this offense.  By the victims' own words, Mr. Ratliff did not inflict harm on them.  Both of the young men who were videotaped by Mr. Ratliff submitted statements to the court before the sentencing hearing (one via a written letter and one via a videotaped interview with undersigned counsel) that Mr. Ratliff did not harm them.  In fact, both of these young men advised the Court that Mr. Ratliff's criminal behavior has had no effect on them or their futures. Both of these young men urged the Court not to impose a prison sentence for Mr. Ratliff. Consequently, these two young men are not victims under this statute.

6.    This statute further provides that restitution is mandatory for a victim's losses.  The second section that is entitled, "Directions", states that "the order of restitution . . . shall direct the defendant to pay the victim . . . the full amount of the victim's losses." See id. at § 2259(b)(1) (emphasis added). The statute further assumes that there will be losses that can be determined and calculated by the Court. When making this assessment, "the court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim." Id. § 2259(b)(2)(A) (emphasis added). Once the Court determines the amount of the victim's losses, then the Court "shall order restitution in the amount that reflects the defendant's relative role in the causal process that underlies the victim's losses." Id. at § 2259(b)(2)(B).

2

7.      In this case, the Court cannot make this determination because the purported victims have not provided evidence that they have suffered losses as a result of Mr. Ratliff's criminal behavior. As set forth in the Presentence Investigation Report, and in accordance with Rule 32(d) of the Federal Rules of Criminal Procedure, the Probation Office attempted to ascertain the amount of the victims' losses. The Probation Office attempted to contact these two young men in an effort to determine whether restitution was applicable here. The two young men did not respond to the Probation Office's request for this information.  (See PSR ¶¶ 35, 36.) Since the two young men did not submit proof of losses, it follows that there were no losses and there is no evidence before the Court that the two young men suffered financial losses. Without a submission by the victims, the Court cannot determine the full amount of the victims' losses. As such, restitution should not be ordered here.

8.      The other restitution statutes likewise do not assist the Court here. Under 18 U.S.C. § 3663, the Court "shall consider the amount of the loss sustained by each victim as a result of the offense and the financial resources of the defendant." See 18 U.S.C. § 3663(a)(1)(B). As set forth above, the victims are not claiming losses here.  As such, the Court cannot determine a restitution amount for the victims losses that is tied to Mr. Ratliff's criminal activities. Further, as set forth in the PSR, Mr. Ratliff is unemployed and relies on his parents for his financial support. Consequently, Mr. Ratliff does not have sufficient financial resources to pay restitution.

9.      The Mandatory Victims Restitution Act also does not support the imposition of restitution in this case.  See 18 U.S.C. § 3663A. Under that statute, the Court shall order restitution for certain offenses.  See id. at § 3663A(a)(1). Specifically, the Court must impose restitution in crimes of violence as defined by 18 U.S.C. § 16. Id. Possession of child pornography does not meet the definition of crime of violence under 18 U.S.C. § 16. Thus, the Mandatory Victims Restitution Act does not require the Court to impose restitution in this case.

3

10.     Undersigned counsel was not able to locate a case that addressed the precise legal issue presented here: whether the Court is required to impose restitution when the alleged victims are not claiming losses. Our Court of Appeals has upheld the imposition of a restitution order in other sex offense cases.  In those cases, the Fourth Circuit determined that the district court did not abuse its discretion when it imposed restitution under 18 U.S.C. § 2259. Although the issue presented here was not discussed in those cases, in each of those cases the victims' claimed losses as the result of the defendant's criminal conduct.  In those cases, the district court determined the victims' losses and awarded restitution.  See United v. Snead, No. 21-4333, 2022 WL 17975015, at *5 (4th Cir. Dec. 28, 2022) (holding that the district court did not abuse its discretion when it imposed a restitution amount of $199,243.35 because the physician who examined the victim made estimates as to the cost of future treatment for the victim's medical conditions); United States v. Arce, 49 F.4th 382, 395-96 (4th Cir. 2022) (holding that the district court acted within its broad discretion when it imposed restitution based on a pediatrician's report, a psychologist's report, and other evidence); United States v. Dillard, 891 F.3d 151, 158 (4th Cir. 2018) (holding that the district court did not exceed its statutory authority when it imposed $100,000 of restitution based on a counselor's letter that set for the victim's losses).

11.     In each of the cases set forth above, the victims of the offenses were seeking restitution and adduced sufficient evidence to support their claims of losses.  That is not the case here.  The two young men have not submitted any evidence of losses.  There is no evidence before this Court that these two young men have sustained losses.  A such, the Court should not order restitution as part of the sentence in this case.

WHEREFORE, for the reasons set forth above, Mr. Ratliff requests that the Court decline to impose restitution in this case.

Respectfully submitted,

THOMAS REED RATLIFF

By:     */s/ Brendan S. Leary*
        Brendan S. Leary
        WV State Bar No. 9077
        Attorney for Defendant
        Federal Public Defender Office
        1125 Chapline Street, Room 208
        Wheeling, WV 26003
        Tel. (304) 233-1217
        Email: Brendan_Leary@fd.org

5

**CERTIFICATION OF SERVICE**

I hereby certify that on January 6, 2023, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system, which will send notification of such filing to the following:

David Perri, Esq.
United States Attorney's Office
1125 Chapline Street, Suite 3000
Post Office Box 591
Wheeling, West Virginia 26003-0011
304-234-0100

By:      */s/ Brendan S. Leary*
        Brendan S. Leary
        WV State Bar No. 9077
        Attorney for Defendant
        Federal Public Defender Office
        1125 Chapline Street, Room 208
        Wheeling, WV 26003
        Tel. (304) 233-1217
        Fax. (304) 233-1242
        Email: Brendan_Leary@fd.org