IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Criminal No. 1:21CR62** |
| v. | **Judge Kleeh** |
| **THOMAS REED RATLIFF,** | **UNITED STATES' POSITION ON RESTITUTION** |
| Defendant. | |

Now comes the United States of America by William Ihlenfeld, United States Attorney for the Northern District of West Virginia, and David J. Perri, Assistant United States Attorney, and respectfully submits its position on the question of restitution raised by the Court.

## PROCEDURAL HISTORY

A sentencing hearing was held on November 29, 2022. At the time of sentencing, the understanding of the United States was that the victims were not seeking restitution.[1] There were multiple indications, including representations by the Defense, suggesting that the victims did not perceive themselves as having suffered harm as a result of the defendant's conduct. The Court ultimately directed the parties to submit their positions on whether or not the Court was nevertheless required to order restitution on their behalf.

Pursuant to this Court's Order dated December 1, 2022, the United States hereby submits its statement of position on the question of restitution. [Document No. 58]

---

[1] After additional attempts by the U.S.A.O. Victim Witness Advocate to contact the victims and discuss the matter, this understanding stands unaltered.

## POSITION REGARDING RESTITUTION

In order to obtain restitution for an individual in a Possession of Child Pornography prosecution, the United States must establish that the individual: (1) is a victim within the meaning of the law; (2) was harmed as a result of the defendant's misconduct; and (3) incurred losses as a result of that harm. Without sufficient proof as to all three factors, there is no factual basis for the entry of an order of restitution.

This three-step analysis follows the plain text of the controlling statutes. Under 18 U.S.C. § 2259(b)(2)(A) and (B), which governs "[r]estitution for trafficking in child pornography," a sentencing court is directed to "determine the full amount of the victim's losses" caused by a defendant's conduct and award restitution to a particular victim only "[a]fter completing [that] determination." Section 2259(b)(3) further instructs that an "order of restitution under this section shall be issued and enforced in accordance with section 3664" of Title 18 of the United States Code. Section 3664(e), in turn, places the "burden of demonstrating the amount of the loss sustained by a victim as a result of the offense" on the United States, by a preponderance of the evidence. The Supreme Court has recognized this operation of the statutes. *See Paroline v. United States*, 572 U.S. 434, 443 (2014); *see also United States v. Dillard*, 891 F.3d 151, 159-60 (4th Cir. 2018) (recognizing the government's "burden of proving causation" for purposes of restitution in "cases involving non-contact victims of child pornography"); *United States v. Anthony*, 22 F.4th 943, 953 (10th Cir. 2022) (finding that restitution in child-sex-trafficking case, even when mandated by statute similar to § 2259, may be ordered only for losses proven by the government as resulting from offense of conviction).

In this case, there are identified minor victims of the defendant's conduct relating to child pornography. However, neither of them are requesting restitution. Without these requests - and,

importantly, supporting information from the minors regarding any losses incurred - the United States will be unable to satisfy its burden of proving by a preponderance of the evidence that the defendant's conduct was the proximate cause of any compensable harm. 18 U.S.C. §§ 2259(b)(2)(A) and 3664(e). Furthermore, the Court will be unable to "determine the full amount of the victim's losses," before ordering "restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses," as set forth in 18 U.S.C. § 2259(b)(2)(B).

The passage of the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA) does not alter the above analysis. "The issuance of a restitution order" under 18 U.S.C. § 2259 has long been mandatory, even prior to the passage of the AVAA, subject to proof of losses incurred. *See* 18 U.S.C. § 2259(4) (1996). Nor does the fact that the AVAA requires courts to order restitution of not less than $3,000 to the victims of child-pornography crimes require a different result. The issuance of an order of restitution of not less than $3,000 is still only triggered by a claim of loss or harm that has been incurred or is projected to be incurred. 18 U.S.C. § 2259(b)(2)(A).

Regarding these victims' apparent choice not to pursue restitution, 18 U.S.C. § 3664(g)(1), which controls the enforcement of restitution under § 2259, makes clear that no victim can be required to participate "in any phase of a restitution order." Additional considerations exist beyond the statutory language itself. First, it is a simple fact that, for a variety of reasons, not all victims *want* to be involved in the legal process, let alone, to seek restitution. Some victims regard restitution as a kind of monetization of their suffering that intolerably ties them to the defendant. Others (such as many NCMEC "known" victims) find that receiving and responding to endless restitution inquiries render them unable to move on from their victimization. Indeed, images of certain minors have been recovered in thousands upon thousands of investigations in the United States alone. *See Paroline*, 572 U.S. at 440 ("Though the exact scale of the trade in her images is unknown, the

3

possessors to date easily number in the thousands."). Additionally, many victims depicted in child pornographic material are often foreign nationals, in which case it may be practicably impossible for the United States to locate, contact, and ascertain a position on restitution due to language barriers, cultural impediments, inadequate resources devoted to child protection, and varying levels of official cooperation. Finally, in a situation where the victims do not *want* restitution, any order of the Court may be practicably undeliverable.[2]

## CONCLUSION

In sum, the United States is responsible for pursuing restitution claims on behalf of victims. However, it cannot pursue restitution without a basis for doing so. If the victims do not claim restitution, and the United States has no evidence to prove harms and losses, nothing further can be done, and the Court is unable to order restitution.[3] For the reasons above, it is the position of the United States that the Court should not make an order of restitution in this case.

---

[2] Nor can the United States assign any ordered restitution to an alternative fund such as the Crime Victims Fund in the Treasury without the express approval of the victim. *See* 18 U.S.C. § 3664(g)(2).

[3] It should be noted that it is common in child pornography cases that NCMEC reports will identify many "known" victims within a defendant's collection. However, it is also common that only a handful, if any, of those victims actually claim restitution and support their claims with proof of loss. It is the observation of the Undersigned that it is the general practice of the Courts in this District not to attempt to order restitution for NCMEC "known" victims who are not requesting restitution. It is also the understanding of the Undersigned that this is the practice of most courts in other Districts around the country.

Respectfully submitted,

WILLIAM IHLENFELD
UNITED STATES ATTORNEY


By: /s/ David J. Perri
David J. Perri
Assistant United States Attorney/Bar Number: 9219
United States Attorney's Office
1125 Chapline Street, Suite 3000
Wheeling, West Virginia 26003
Telephone: (304) 234-0100
E-mail: David.Perri@usdoj.gov

## CERTIFICATE OF SERVICE

      I, David J. Perri, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that the foregoing UNITED STATES' POSITION ON THE ISSUE OF RESTITUTION electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to the following:

Brendan Leary, Esq.
Federal Public Defender Office
1125 Chapline St., Rm. 208
Wheeling, WV 26003

Dated: January 6, 2023.

                                  By:    /s/ David J. Perri
                                              David J. Perri
                                              Assistant United States Attorney/Bar Number: 9219
                                              United States Attorney's Office
                                              1125 Chapline Street, Suite 3000
                                              Wheeling, West Virginia 26003
                                              Telephone: (304) 234-0100
                                              Fax: (304) 234-0111
                                              E-mail: David.Perri@usdoj.gov